UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION
IN ADMIRALTY

OSG SHIP MANAGEMENT, INC.,

    Plaintiff,                                Case No.:  0:16-cv-2868-JFA

vs.

JOHN FINCH, JR.

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff OSG Ship Management, Inc. ("OSG") files this Complaint for Declaratory Relief against defendant John Finch, Jr. ("Mr. Finch") and alleges as follows:

1. OSG is a foreign corporation with its principal place of business in Tampa, Florida.

2. Mr. Finch is a resident of Rock Hill, South Carolina.

3. This District Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 because this action is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

4. OSG seeks relief under 28 U.S.C. § 2201, which is a federal statute that authorizes declaratory judgments.

5. Pursuant to 29 U.S.C. § 1391, venue is proper is this District Court.

6. At all material times to this action, OSG Ship Management, Inc. employed Mr. Finch as a Second Mate aboard the tug OSG COLUMBIA.

1

7. Mr. Finch completed OSG Declarations of Fitness for Duty in 2015 in which he denied that he had experienced fatigue, loss of sleep, irregular heart, chest pain, shortness of breath, depression, anxiety, or panic attacks.

8. On January 8, 2016, Mr. Finch completed an OSG Declaration of Fitness for Duty in which he represented that he had not experienced fatigue, loss of sleep, irregular heart, chest pain, shortness of breath, depression, anxiety, or panic attacks since his last voyage aboard an OSG vessel.

9. On January 26, 2016, Mr. Finch was in the wheelhouse of the tug OSG COLUMBIA when the barge that it was pushing, the OSG 242, grounded at the east end of the North jetty while traveling inbound to the Port of Brownsville, Texas (the "Grounding").

10. No crewmember aboard the tug OSG COLUMBIA, including Mr. Finch, reported any injury or problem at or about the time of the Grounding.

11. Mr. Finch continued to sail aboard the tug OSG COLUMBIA subsequent to the Grounding.

12. On March 8, 2016, OSG notified Mr. Finch that he failed to safely perform cargo operations while aboard the barge OSG 242.

13. On April 13, 2016, OSG notified Mr. Finch that his overall work performance did not meet OSG's expectations.

14. On April 16, 2016, OSG notified Mr. Finch that his overall work performance continued to not meet OSG's expectations and that he would have to participate in a mandatory Performance Improvement Plan.

15. On April 19, 2016, OSG terminated Mr. Finch for failing to follow OSG Company Management System Procedure and failing to properly execute his duties as a Second

Mate. One of the reasons for which OSG terminated Mr. Finch is because it had discovered that he had prepared false deck log entries.

16. On June 21, 2016, Mr. Finch's attorney wrote to OSG and alleged that Mr. Finch is entitled to retroactive maintenance and cure as a result of medical/psychological problems related to the Grounding ("June 21, 2016 Demand").

17. Mr. Finch's June 21, 2016 Demand included a June 9, 2016 Summary of Neuropsychological Results ("June 9, 2016 Note") to support the retroactive maintenance and cure demand.

18. The June 9, 2016 Note states, *inter alia*, that Mr. Finch was experiencing fatigue, sleep disturbance, anxiety, depression, and memory problems and that Mr. Finch "currently meets criteria for Posttraumatic Stress Disorder [("PTSD")] and Major Depressive Disorder, Single Episode."

19. The June 9, 2016 Note states also that Mr. Finch should consider taking a cholinesterase inhibitor, which is a drug treatment that may offer some relief from the symptoms of Dementia and Alzheimer's Disease.

20. OSG's investigation of Mr. Finch's retroactive demand for maintenance and cure revealed the following:

- As early as August 2013, Mr. Finch visited a medical provider with complaints of anxiety.

- On November 9, 2015, Mr. Finch reported to Matthew D. Jenkins, M.D. that he was experiencing anxiety and waking up during the night due to shortness of breath.

- On May 5, 2016, Mr. Finch visited Dr. Jenkins. Dr. Jenkins's progress note states that Mr. Finch's wife questioned whether the Grounding caused Mr. Finch to experience insomnia, anxiety, and memory problems. Dr. Jenkins stated that he agreed that the Grounding "probably exacerbated his stress

3

       issues, contributed to his insomnia, but he had complaints related to stress, anxiety and insomnia even prior."

- Mr. Finch has not received any curative treatment since the June 21, 2016 Demand.

21. OSG disputes that Mr. Finch is entitled to maintenance and cure because:

- Mr. Finch misrepresented and/or concealed medical facts on the OSG Declarations of Fitness for Duty, the non-disclosed medical facts were material to OSG's decision to allow him to work aboard the tug OSG COLUMBIA at the time of the Grounding, and a connection exists between the non-disclosed medical facts and the symptoms that Mr. Finch alleges he experiences as a result of the Grounding.

- Mr. Finch cannot satisfy general maritime law's requirements for claiming an emotional injury.

- Mr. Finch's alleged symptoms are caused by pre-existing conditions and are not a result of the Grounding.

- Mr. Finch does not have PTSD.

- Mr. Finch has reached maximum medical cure or, alternatively, he decided not to undergo curative treatment.

22. Notwithstanding the foregoing, and in an abundance of caution, OSG agreed on July 1, 2016 to pay maintenance to Mr. Finch on a without prejudice basis. OSG retroactively paid Mr. Finch maintenance beginning on April 20, 2016 and at the rate of $25 per day.

23. On July 11, 2016, Mr. Finch's attorney wrote to OSG and alleged that the rate of $25 per day is inadequate.

24. In the event that Mr. Finch is entitled to any maintenance, OSG disputes that Mr. Finch is entitled to a maintenance rate that exceeds $25 per day.

25. Mr. Finch's entitlement to recover Maintenance and Cure under general maritime law presents an actual, substantial and justiciable controversy.

26.    Mr. Finch's entitlement to recover a maintenance rate that exceeds $25 per day also presents an actual, substantial and justiciable controversy.

27.    OSG seeks a judicial determination that Mr. Finch is not entitled to recover maintenance and cure or, alternatively, that Mr. Finch is not entitled to recover a maintenance rate that exceeds $25 per day.

**WHEREFORE**, OSG respectfully requests that this District Court enter an Order declaring that Mr. Finch is not entitled to maintenance and cure or, alternatively, that Mr. Finch is not entitled to recover a maintenance rate that exceeds $25 per day.

Respectfully submitted this 18th day of August, 2016.

WOMBLE CARLYLE SANDRIDGE & RICE, LLP

s/ Sean D. Houseal
_____

Sean D. Houseal, Fed. ID. No. 7676
David M. Collins, Fed. ID. No. 223
5 Exchange Street
Charleston, SC 29401
(843) 722-3400
shouseal@wcsr.com
dcollins@wcsr.com
Attorneys for OSG Ship Management, Inc.